UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| JOHN G. JAGER, JR., | : | BANKRUPTCY # |
| Debtor. | : | CHAPTER 13 PLAN |

NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE §1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN.

The Debtor above named hereby proposes the following plan:

**1. PLAN PAYMENT:**

  a. Debtor shall pay $717.00 per month from future earnings to the standing Chapter 13 trustee. This is a 60-month plan. All plan payments must be payable to "Carol F. Dunbar, Trustee"; must include the debtor's name and case number; and must be mailed to Carol F. Dunbar, P.O. Box 1033, Memphis, TN 38101-1033. Except as otherwise provided in the confirmed plan or in the order confirming the plan, the trustee shall make payments to creditors with filed and allowed claims. The manner of distribution to creditors is determined by the Chapter 13 trustee unless otherwise clearly set out in the plan as confirmed.

  b. The plan payments shall commence within 30 days of the date that the petition is filed. If the plan provides for a voluntary wage assignment to an employer and the wage assignment has not gone into effect, timely payment is the debtor's responsibility. Once a plan is confirmed, that plan payment remains in effect until such time as the court confirms a subsequent amendment.

c. The debtor shall devote to the plan all of the debtor's disposable income for payment to unsecured creditors for the applicable commitment period from the date that the first plan payment is due, as defined in §1326(a)(1) unless the plan provides for payment in full of all allowed unsecured claims over a shorter period. Disposable income is defined in §§1325(b)(2) and (b)(3) and the applicable commitment period is defined in §1325(b)(4).

**2. PAYMENTS BY THE TRUSTEE:**

The Trustee will make payments only to creditors for which proofs of claim have been filed. The Trustee will make payments monthly as funds are available and collect the trustee's statutory percentage fee of 10% or such lesser percentage as may be fixed by the Attorney General. Unless ordered otherwise, the trustee will not make any payments until the plan is confirmed. Unless specified otherwise, the Trustee shall pay secured and priority claims on a pro-rata basis prior to payments to unsecured creditors. Payments will accumulate and be paid following confirmation.

**3. PRIORITY AND ADMINISTRATIVE CLAIMS:**

The Trustee shall pay in full, in deferred cash payments, all priority and administrative claims entitled to priority under Section 507, including the following. The amounts listed are estimates only, the Trustee will pay the amounts actually allowed:

      Wil L. Forker   $2691.00

      Dakota County Treasurer   $3937.50

**4. RESIDENTIAL HOME MORTGAGES:**

    a. Pre-petition arrearage(s) will be paid from the plan payments. All pre-petition arrearages, whether scheduled or unscheduled, will be paid interest at the contract rate unless otherwise ordered by the court.*

    b. Residential home mortgages to be paid as long term debts pursuant to 1322(b)(5) and excepted from discharge pursuant to 1328(a)(1).

    c. A creditor may send such billing statements, coupons and statements regarding post-petition payments, fees, expenses or charges on the loan directly to the debtors as it customarily sends when no bankruptcy case has been filed. The creditor shall not be found to have violated the automatic stay by doing so, provided the communication indicates that it is for informational purposes and is not a demand for payment.

    d. Annually, beginning one year after entry of the initial plan confirmation order, secured creditor shall submit to Trustee, the debtors and debtors' attorney a 12-month summary of the activity on the loan, including an itemization of all payments, fees, expenses or charges on the account. The creditor's failure to give such notice shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year.

    e. No later than 90 days before debtors are scheduled to make the final play payments, secured creditors shall file an initial or amended proof of claim which clearly identifies and itemizes the fees, charges and expenses which accrued post petition and remain owing.

    Post-petition payments are to be paid directly by the Debtor.

| Mortgage Lien Holder | Regular Monthly Payment & Plan Treatment | Total Pre-Petition Arrearage | Arrearage Interest Rate |
|---|---|---|---|
| Seterus | 1250.00 outside plan | 37500.00 | |

**5. SECURED CLAIM OF SETERUS:**

Seterus has a secured interest in debtor's homestead. Debtor will make his mortgage payment outside of the plan, in the amount of $1250.00/month. The arrearage due Seterus will be made through the plan. Seterus shall retain its lien on the collateral and all other terms of the mortgage shall remain in effect unless specifically modified under the terms of the plan.

Trustee will pay any administrative fees of the mortgage company incurred because of the filing of the bankruptcy.

With regard to the secured liens of Seterus, if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law, pursuant to §1325(a)(5)(B)(i)(II) of the Bankruptcy Code.

**6. TIMELY FILED UNSECURED CLAIM:**

The balance of funds shall be prorated among general unsecured creditors. Attached hereto and marked Exhibit "A" is a liquidation analysis.

**7. LIQUIDATION OF NON-EXEMPT ASSETS:**

Debtor will sell other non-exempt assets to fund the plan requirements.

**8. FUTURE INCOME:**

Debtor will submit all disposable income and such future income and earnings as is necessary for the execution of this plan.

**9. OTHER REMARKS OR PROVISIONS:**

Debtor is hereby authorized to pay out of his tax refunds those expenses necessary to pay for the preparation of the tax returns. In addition, if the Debtor receives a refund from one taxing authority and owes taxes to another taxing authority, upon confirmation, the Debtor is authorized to pay those taxes out of the other tax refund. Debtor shall provide the Trustee an accounting for tax preparation and any taxes to be paid out of the tax refund. The balance of the tax refund shall be turned over to the Trustee.

Respectfully submitted,

/s/ Wil L. Forker_____
Wil L. Forker 1707
701 Pierce St., Ste. 303
Sioux City, IA  51101
712/252-1395
ATTORNEY FOR DEBTOR


DATED:  07/19/2016      /s/ John G. Jager, Jr._____
                        JOHN G. JAGER, JR., DEBTOR

EXHIBIT "A"
LIQUIDATION ANALYSIS

| ASSETS | VALUE | EXEMPT/ SECURED | AVAILABLE TO UNSECURED CREDITORS |
|---|---|---|---|
| Homestead | 207,000.00 | Exempt/secured | -0- |
| 2003 GMC | 5,894.00 | Exempt (2400.00) | 3494.00 |
| 1991 Ford | 1,500.00 | Non-exempt | 1500.00 |
| 1990 Chevy | 0.00 | Non-exempt | -0- |
| 2006 Harley | 12,500.00 | Non-exempt | 12500.00 |
| 2011 Scorpine | 15,000.00 | Non-exempt | 15000.00 |
| Household goods | 8,000.00 | Exempt (2107.00) | 5893.00 |
| Guns | 1,800.00 | Exempt | |
| Clothing | 300.00 | Exempt | -0- |
| Jewelry | 1,740.00 | Exempt | -0- |
| Bank accounts | 93.00 | Exempt | -0- |
| Pension | 730.00 | Exempt | -0- |
| Work comp claim | unknown | Exempt | -0- |

AVAILABLE TO UNSECURED CREDITORS: 38387.00

Payments to Trustee:

| | |
|---|---|
| 60 months x $717.00 = | $43020.00 |
| Non-exempt assets = | 38387.00 |
| | $81407.00 |
| | |
| Less attorney fees: | -   2691.00 |
| Less priority creditors: | -   3937.50 |
| Less secured creditors: | - 37500.00 |
| Less trustee fees: | -   7400.64 |
| Non-exempt assets: | |
| | |
| BALANCE TO UNSECURED CREDITORS | $29877.86 |